# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| John Thomas Bailey, | ) |
| Petitioner, | ) C.A. No.: 5:16-cv-2942-PMD-KDW |
| v. | ) **ORDER** |
| Warden Bonita Mosley, | ) |
| Respondent. | ) |

This matter is before the Court on Petitioner John Thomas Bailey's objections to United States Magistrate Judge Kaymani D. West's report and recommendation ("R & R") (ECF Nos. 53 & 48). The Magistrate Judge recommends denying Bailey's motion for a temporary restraining order (ECF No. 35). For the reasons stated herein, the Court overrules Bailey's objections and adopts the R & R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

A petitioner seeking injunctive relief must show (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that the injunctive relief he seeks is the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, the Magistrate Judge recommends denying Bailey's motion because he has not satisfied any of the elements. Each of Bailey's four objections relates to one of those requirements.

In discussing the first *Winter* requirement, the Magistrate Judge stated that many of Bailey's factual allegations are irrelevant to this 28 U.S.C. § 2241 case. Bailey objects to that relevance determination. The Court sees no error, and in any event the Court agrees with the Magistrate Judge that Bailey has not clearly shown he is likely to succeed. Therefore, the Court overrules Bailey's objection as to the first requirement.

If the party seeking the injunction fails to establish even one of the *Winter* requirements, the court must deny the request. *See Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009) ("[A]ll four requirements must be satisfied."), *vacated on other grounds*, 559 U.S. 1089 (2010). Consequently, the Court need not address the merits of Bailey's three remaining objections.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Bailey's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that Bailey's motion for a temporary restraining order is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 12, 2017**
**Charleston, South Carolina**