UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| John Thomas Bailey, | ) | Civil Action No.: 5:16-cv-2942-PMD-KDW |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| Warden Bonita Mosley, | ) | |
| Respondent. | ) | |

John Thomas Bailey ("Petitioner"), a federal prisoner, proceeding pro se and *in forma pauperis* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. ECF No. 1. Basically, Petitioner contends that the Bureau of Prisons ("BOP") failed to recommend him for a placement of 270-365 days in a Community Corrections Center ("CCC") or a Residential Reentry Center ("RRC")[1] in accordance with the Second Chance Act, 18 U.S.C. § 3624(c)(6)(c) and falsely classified him. ECF No. 1 at 1.

On January 9, 2017, Respondent filed a Return and a Motion to Dismiss or alternatively for Summary Judgment arguing that the Petition should be dismissed due to Petitioner's failure to exhaust administrative remedies and for failure to state a claim. ECF Nos. 36 and 37. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of

---

[1] Petitioner uses the terms Community Corrections Center, Residential Reentry Center, and halfway house interchangeably throughout his Petition. The court notes that Residential Reentry Center is another term for the facilities commonly known as halfway houses and previously commonly referenced as Community Correction Centers. On March 31, 2006, the BOP Executive Staff approved changing the name from "Community Corrections Center" ("CCC") to "Residential Reentry Center" ("RRC") to provide a clearer description of the services and programs offered, to associate community-based programs with other reentry initiatives being implemented around the country, and to clearly differentiate community-based programs from correctional facilities. *See Carrillo v. Warden Edgefield Satellite Prison Camp*, No. 0:09-2103-HFF-PJG, 2010 WL 2232127 (D.S.C. May 11, 2010).

the summary judgment and dismissal procedures and of the possible consequences if he failed to adequately respond to the Motion. ECF No. 39. Petitioner filed a Response in opposition on February 1, 2017. ECF No. 51. On March 29, 2017, Respondent filed a second Motion to Dismiss, arguing that the Petition should be dismissed as Petitioner's transfer to an RRC rendered his claim moot. ECF No. 61. On March 30, 2017, the court issued a *Roseboro* Order. ECF No. 62. On May 2, 2017, Petitioner filed a Response opposing the Motion. ECF No. 66. Also pending before the court are Petitioner's Motion to Compel and Motion for Request and Attention. ECF Nos. 45 and 46.

This matter is before the court pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C. for a Report and Recommendation on Respondent's pending motions. Having carefully considered the parties' submissions and record in this case, the undersigned recommends that Respondent's Motions to Dismiss, ECF Nos. 36 and 61, be granted, that Petitioner's remaining motions be denied as moot, and the Petition for a Writ of Habeas Corpus be dismissed.

I. Factual and Procedural Background

Petitioner entered a guilty plea in the United States District Court for the Eastern District of Missouri to Count One of an Indictment for Conspiracy to Possess with Intent to Distribute Anabolic Steroids, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (B) (1)(E) and Count Two of an Indictment for Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956 (H) and 18 U.S.C. § 1956 (a)(2)(A). ECF Nos. 1-6 at 2 and 36-1 at 2. On December 18, 2012, Petitioner was sentenced by the United States District Court for the Eastern District of Missouri, to a term of 125 months of imprisonment with a two-year period of supervised release.

ECF No. 36-1 at 2.  His sentence was subsequently reduced to 63 months pursuant to an order modifying his sentence.  *Id.*  Petitioner has a projected release date of July 26, 2017, via good-conduct time.  ECF 36-1 at 1.

At the time of filing the instant Petition, Petitioner was in federal custody at the Federal Correctional Institution in Edgefield, South Carolina  ("FCI- Edgefield") having been transferred there in April 2016.  ECF 1 at 1.  On May 3, 2016, Petitioner was reviewed for placement in an RRC during his Program Review.  ECF No. 36-3 at 2.  Thereafter, on May 9, 2016, Petitioner's Unit Team recommended a 30-90 day RRC placement.

On May 9, 2016, Petitioner asserts that his case manager showed Petitioner his halfway house papers on a clipboard and, that his case manager pointed to the top page which recommended a 270-365 day placement. Petitioner contends that his case manager then had Petitioner sign a paper, underneath the page with the 270-365 day recommendation, leading Petitioner to believe that this was the recommendation he was signing. ECF No. 1 at 5.  Sometime thereafter, a halfway house placement recommendation of 58 days beginning on May 30, 2017 was approved.  ECF No. 36-3 at 2.  Petitioner indicates that he questioned his case worker about why he was not recommended for a 270-365 day placement and was told that the halfway houses were overcrowded.  ECF No. 1 at 5.  Petitioner asserts that he requested permission to review his RRC placement file, but his case manager refused to allow him to review it.  Sometime thereafter, Petitioner indicated that he filed a grievance against his case manager for violating the Privacy Act § 552a.  *Id.*

Petitioner contends that while he was on the dinner line on August 4, 2016, Petitioner's caseworker told Petitioner that he and Petitioner's former case worker reinstated a Public Safety

Factor ("PSF") against Petitioner because Petitioner had filed "paperwork" on them. ECF No. 1 at 5. Petitioner also contends that his caseworker advised Petitioner that he would not be able to do anything about his halfway house dates. *Id.* On August 24, 2016, Petitioner filed the instant habeas Petition.

II. Discussion

    A. Petitioner's Claims

Petitioner claims that the BOP failed to provide him with 270-365 days in a CCC or an RRC under 18 U.S.C. § 3624 in violation of the Second Chance Act. He also contends that he was falsely classified. Petitioner's claim that he has been falsely classified stems from Petitioner's claim that the BOP erroneously assigned him a PSF designation as a sex offender, even though Petitioner asserts that he has never been convicted of such a crime.[2] Petitioner alleges the PSF designation was given in retaliation for exercising his due process rights to file grievances and access the courts and that the PSF designation violates his Fifth and Fourteenth Amendment rights. As relief, Petitioner asks the court to transfer him to a CCC/RRC in accordance with the Second Chance Act §36524(c)(6)(c) and to remove the false classification in accordance with the Privacy Act 552a(d).[3]

    B. Motion to Dismiss and Motion for Summary Judgment Standard

---

[2] It appears that Petitioner was assigned this PSF due to a statement in Petitioner's Presentence Report that indicated Petitioner had assaulted a former girlfriend. ECF No. 1 at 2-3.
[3] In the Petition, Petitioner sets forth additional allegations, primarily arising out his confinement at other institutions, that appear to be more in line with a *Bivens* claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, as Petitioner does not seek damages, liberally construed, the court considers these additional allegations as factual background supporting his challenge to the manner of execution of his sentence.

The undersigned notes that Respondent brought her Motions to Dismiss and alternatively for Summary Judgment under Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) examines whether the initial pleading fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss under Rule 12(b)(6) tests the "sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Johnson v. Fields*, 616 F. App'x 599, 600 (4th Cir. 2015). In considering a motion to dismiss for failure to state a claim, a Petitioner's well-pleaded allegations are taken as true and the Petition is viewed in the light most favorable to Petitioner. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under Rule 56(a), the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Habeas Corpus

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2255. A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses

"parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers." *Manigault v. Lamanna*, No. 8:06–047–JFA–BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989).

III. Analysis

    A. Mootness

Respondent reports that Petitioner has been transferred to an RRC and moves to dismiss the Petition based on the doctrine of mootness. ECF No. 61.

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988). "To involve the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.*" Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "[I]t is not enough that a dispute was very much alive when suit was filed . . . [t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* at 477–78 (citations omitted). Generally, "mooting a claim arises when the claimant receives the relief he or she sought to obtain through a claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (*citing Broughton v. State of North Carolina*, 717 F.2d 147, 149 (4th Cir. 1983) (per curiam)).

Here, Petitioner requests the court order the BOP to transfer him in an RRC and to remove a false classification. ECF No. 1 at 1. As Petitioner has already been placed in an RRC, there is no longer a "live" controversy such that Respondent can provide the relief requested. As such, the undersigned recommends Petitioner's claim for an order transferring him to an RRC be denied as moot.

Petitioner does not dispute that his claim seeking transfer to an RRC is moot. *See* ECF No. 66. However, he asks the court to deny Respondent's Motion to Dismiss because his claim that the BOP has falsely classified him due to the assignment of a PSF designation as a sex offender remains. *See id.* at 7. Petitioner contends that the PSF designation adversely affects him because, as a condition of his transfer to an RRC, he is required to wear a GPS monitor whereas other inmates at the RRC who have been convicted of similar crimes are not required to wear such a monitor. *Id.* at 1-2. Petitioner further contends that wearing the GPS monitor prevents him from taking a bath, wearing his work boots, going on family float trips, attending kickboxing classes, and requires him to be tethered to an electrical outlet so that the GPS monitor can recharge. *Id.* at 2-3.

To state a claim under § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations and disciplinary convictions. Thus, a § 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973). Here, Petitioner argues that he has been falsely classified based upon inaccurate information contained in his

8

Presentence Report. Petitioner claims that the erroneous classification has adversely affected his custody classification and security level—neither of which affect the duration of his sentence. He further complains that the erroneous classification continues to adversely affect him in his RRC assignment due to having to wear a GPS monitor that limits his activities.

Notwithstanding Petitioner's contentions regarding the PSF designation assigned to him by the BOP, Petitioner's false classification claim is not cognizable under § 2241 because Petitioner is challenging the conditions of his confinement. Removal of the PSF designation will not affect the fact or duration of Petitioner's sentence and will not result in him getting out of prison earlier. *See Powell v. Krueger*, Case No. 15–1186, 2015 WL 4572661, at *1 (C.D.Ill. July 29, 2015) (wherein the court stated "[a] habeas petition is not the proper vehicle to make a claim regarding challenges to PSF designations."). As such, the undersigned recommends dismissal of Petitioner's claim seeking removal of the alleged false classification.

For the reasons stated, the undersigned recommends that the court grant Petitioner's Motion to Dismiss. ECF No. 61.

B. Exhaustion of Administrative Remedies

Alternatively, the undersigned recommends the Petition be dismissed due to Petitioner's failure to exhaust administrative remedies. ECF No. 37 at 4-8. A habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir. 2004) ("Federal

9

prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock,* 549 U.S. 199, 204 (2007); *see* 28 U.S.C. § 2254(b).[4]

Inmates may seek formal review of issues or complaints relating to confinement through an Administrative Remedy Program established by the BOP. 28 C.F.R. § 542.10, *et seq*. Generally, an inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. *Id.* Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP–9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or, under exceptional circumstances, to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's request within 20 and 30 days respectively. *Id.*, § 542.18. If the inmate's request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP–10. *Id.*, § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to the General Counsel on a BP–11 form within 30 days after the Regional Director

---

[4] § 2254(b) provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an

signed the response. *Id.*, § 542.15(a). The General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when the General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a).

Here, Petitioner acknowledges that he has not exhausted his administrative remedies. Petitioner asserts that exhaustion would be futile as "months and months will go by before remedies are exhausted while he remains in prison subject to more retaliation. . . ." ECF No. 1 at 6. Petitioner indicates that he has attempted to use the prison grievance system in the past to resolve problems, however, instead of having his problems resolved, he has been subjected to retaliation. *Id.* Thus, Petitioner seeks to invoke the doctrine of futility to excuse his failure to exhaust his administrative remedies.

Review of the administrative record confirms that Petitioner failed to exhaust his administrative remedies prior to filing his petition for habeas relief.[5] Exhaustion of administrative remedies may be excused under certain circumstances, such as by showing futility. *United States v. Strickland*, No. 7:98–CR–82–5–F(l), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), *aff'd*, 126 F. App'x 116, 117 (4th Cir. 2005) (unpublished). Petitioner bears the burden of demonstrating futility. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

Petitioner's arguments that it will take too long to exhaust his administrative remedies and that he fears retaliation do not excuse his failure to exhaust. Courts have held that an

---

absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

11

inmate's failure to exhaust should not be excused simply because of an inmate's belief that the length of the exhaustion process will prevent him from receiving a full 12-month RRC placement. *See Wright v. Warden*, No. RDB-10-671, 2010 WL 1258181, at * 1 (D. Md. Mar. 24, 2010) (finding that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); *see, e.g.*, *Torres v. Martinez*, C/A No. 3:09-cv-1070, 2009 WL 2487093, *4 (M.D. Pa. Aug. 12, 2009) ("Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals.").

In addition, Petitioner's assertion that he has previously been retaliated against for filing grievances at a different institution will not excuse his failure to exhaust his administrative remedies in the underlying matter as Petitioner provides no specific examples of retaliation or an actual threat to his physical safety if he were to have completed the grievance process at FCI-Edgefield. *See Clay v. Oklahoma*, 541 F. App'x 805, 809 (10th Cir. 2013) (indicating that fear or retaliation did not excuse inmate's failure to exhaust state remedies); *Hines v. Valhalla County Corr.*, No. 0C Civ.6935(SAS), 2002 WL 1822740, at *3 (S.D.N.Y. Aug. 8, 2002) (indicating that a general fear of retaliation does not excuse exhaustion). As such, the undersigned recommends that the court, alternatively, grant Respondent's Motion to Dismiss or for Summary Judgment due to Petitioner's failure to exhaust his administrative remedies. ECF No. 37.

C. Merits/Failure to State a Claim

---

[5]The record reflects that Petitioner filed grievances related to allegations in the Petition, however, no grievances related to his RRC placement were exhausted prior to his filing the instant Petition. ECF No. 36-2 at 2-3.

Finally, even if Petitioner had exhausted his administrative remedies or, if the court were to determine that Petitioner should be excused from exhausting his administrative remedies, his Petition still fails to state a claim on which relief can be granted and should be dismissed.

1. CCC/RRC Placement

As previously stated, Petitioner challenges the BOP's failure to put him in a CCC/RRC facility for 270-365 days. The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Montes v. Sanders*, No. CV 07–7284–CJC (MLG), 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008). Title 18 U.S.C. § 3624 (c)(1) provides:

> (1) In general-The Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624 (c)(1).

The Second Chance Act only requires the BOP to attempt to place an inmate in an RRC for up to twelve months. As such, an inmate is not guaranteed or entitled to a minimum or a maximum placement. The twelve-month RRC period referenced in Title 18 U.S.C. § 3624 (c)(1) is a statutory maximum. Section 3621(b) sets forth five factors that placement is based upon:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

13

(4) any statement by the court that imposed the sentence--

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In the underlying matter, the record reflects that the BOP properly considered Petitioner's case as required by § 3621(b) in determining Petitioner's RRC placement. The Unit Team recommended that a 30-90 day RRC placement was a sufficient amount of transitional time to meet Petitioner's reentry needs, including establishing employment and family ties. ECF No. 36-3 at 3. In making this recommendation, the Unit Team noted that Petitioner had a plan for a residence, support from family and friends, a paralegal degree, and good employment prospects. *Id.* Further the Unit Team concluded that Petitioner's reentry needs were low. Thus, a longer stay in an RRC was not needed. As the BOP complied with Title 18 U.S.C. § 3624(c)(4) in determining Petitioner's RRC placement, it is recommended that Respondent's Motion to Dismiss and/or for Summary Judgment, ECF No. 37, be granted and the Petition for a writ of habeas corpus be denied.

      2. PSF Designation

As previously discussed, Petitioner's claim regarding his PSF designation is not cognizable under § 2241.

IV. Motion to Compel and Motion of Request and Attention ECF Nos. 45 and 46

Petitioner moves for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure compelling responses to Petitioner's various discovery requests. ECF Nos. 45, 46.

Respondent opposes Petitioner's discovery requests and argues that no discovery is necessary because this matter can be decided from the facts in the record and the applicable law. ECF No. 52. Further, Respondent argues that Petitioner has not made a *prima facie* case that (with the development of more facts) he would be able to demonstrate that he is entitled to relief. *See id.* In light of the recommended disposition of this matter, that Respondent's Motions to Dismiss and for Summary Judgment be granted and that the Petition be dismissed, the undersigned recommends that Petitioner's remaining motions, ECF Nos. 45 and 46, be dismissed as moot.

V. Conclusion and Recommendation

Accordingly, the undersigned recommends that Respondent's Motions to Dismiss, ECF Nos. 37 and 61, be granted, and that the Petition be dismissed. It is further recommended that Petitioner's remaining Motions, ECF Nos. 45 and 46, be dismissed as moot.

IT IS SO RECOMMENDED.

June 21, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).